STATE OF NORTH CAROLINA
v.
HENRY GARRIS GADDY, DEFENDANT.
No. COA06-516
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General M. Elizabeth Guzman, for the State.
James M. Bell for defendant-appellant.
WYNN, Judge.
Following his convictions on drug charges, Defendant Henry Garris Gaddy brought this appeal challenging the trial court's denial of his motion to suppress the evidence of drugs. Because the facts were sufficient to allow the officer to form a reasonable suspicion that criminal activity was afoot and that Defendant may be armed and dangerous, we affirm the denial of Defendant's motion to suppress.
The evidence at Defendant's suppression hearing tended to show that: At approximately 5:30 p.m. on 5 September 2004, Southern Pines Police Officer Jason Embler stopped a vehicle because it had an expired license tag with no liability insurance. The vehicle was driven by Brittany Gaddy, with Defendant seated in the front passenger seat. Another Southern Pines police officer, Robert Williams, arrived to assist Officer Embler.
During the course of the traffic stop, Officer Embler determined the driver did not own the vehicle. Because he noticed an odor of alcohol emanating from inside the vehicle, he asked Ms. Gaddy to step out of the vehicle so he could determine whether the smell of alcohol was coming from her or from the inside of the vehicle. While Officer Embler gathered information from Ms. Gaddy, Officer Williams walked up to the passenger side of the vehicle and asked Defendant for his identification. Defendant cooperated. Officer Williams then walked away from Defendant to assist Officer Embler with what he believed would be field sobriety tests. Both officers determined the odor of alcohol was not coming from Ms. Gaddy, and they explained to her that she would need to leave the vehicle parked on the side of the road and call for a ride because there was no insurance on the vehicle.
While Ms. Gaddy was calling for a ride, Defendant called to the officers to come over to him. Officer Williams then walked back to the front passenger side of the vehicle. Defendant asked the officer if he could get out of the vehicle, and Officer Williams informed him that he could do so. As Defendant was getting out of the vehicle, Officer Williams noticed an open container of beer on the floor in front of the passenger seat. Defendant tried to conceal it under the seat, but Officer Williams informed Defendant that he had already seen it. Defendant then denied it was alcohol and tried to get it out of the vehicle.
Officer Williams testified that until that point, Defendant had been calm and cooperative and had very little eye contact with the officers. At that point, however, Defendant became nervous, his breathing became deep and rapid, and his eyes widened. He immediately put his hands in his pockets and began looking to the left and right and behind the officer to a wooded area on the side of the road. Officer Williams became concerned for his safety and instructed Defendant as follows, "Take your hands out of your pockets. I don't know if you have any weapons." Officer Williams also informed Defendant that he was going to conduct a pat-down for his safety. Before Officer Williams could do so, however, Defendant swung his elbow at the officer and ran. Officer Williams grabbed Defendant's clothing as Defendant began to run and chased him to the middle of the road. With Officer Embler's assistance, Officer Williams brought Defendant to the ground.
Thereafter, Defendant kept his hands in front of him, despite the officers' instructions to put his hands behind his back. Defendant eventually informed the officers that he had "dope" and a "crack" pipe in his pocket, which the officers recovered.
After hearing the voir dire testimony of the officers and defense counsel's arguments, the trial court orally denied the motion to suppress without making any findings of fact or conclusions of law. Defendant was convicted by a jury of felonious possession of cocaine, possession of less than one-half ounce of marijuana, possession of drug paraphernalia, and resisting a public officer, and Defendant also pled guilty to being an habitual felon. The trial court sentenced Defendant to a prison term of sixty to eighty-one months.
In his sole assignment of error on appeal, Defendant argues the trial court erred by denying his motion to suppress the evidence seized from him and the statements he made to the officers on the ground, as such evidence and statements were obtained in violation of his Fourth Amendment rights.
We initially note the trial court failed to make findings of fact in support of its order denying Defendant's motion to suppress. Section 15A-977(d) of the North Carolina General Statutes requires that if a motion to suppress is not summarily denied, the trial court "must make the determination after a hearing and finding of facts." N.C. Gen. Stat. § 15A-977(d) (2005). Further, subparagraph (f) requires that the trial court place its findings and conclusions in the record. N.C. Gen. Stat. § 15A-977(f). However, when there is no material conflict in the evidence presented at voir dire, the omission of findings is not error. State v. Phillips, 300 N.C. 678, 685, 268 S.E.2d 452, 457 (1980); State v. Futrell, 112 N.C. App. 651, 665, 436 S.E.2d 884, 891 (1993). In this case, there was no contradictory evidence presented by Defendant regarding the seizure of the evidence or his statements to police. Accordingly, we conclude the trial court's failure to make findings and conclusions does not constitute prejudicial error.
"The fundamental inquiry under the Fourth Amendment is whether the governmental intrusion into a private individual's liberty and property was reasonable." State v. Shearin, 170 N.C. App. 222, 226, 612 S.E.2d 371, 375, appeal dismissed and disc. review denied, 360 N.C. 75, 624 S.E.2d 369 (2005); see also Terry v. Ohio, 392 U.S. 1, 19, 20 L. Ed. 2d 889, 904 (1968). A law enforcement officer may, without violating the Fourth Amendment, "temporarily detain a person for investigative purposes." Shearin, 170 N.C. App. at 226, 612 S.E.2d at 375 (citing Terry, 392 U.S. at 22, 20 L. Ed. 2d at 906-07). To make such a stop, an officer must have a reasonable suspicion of criminal activity based on articulable facts. Id. (citing Terry, 392 U.S. at 21, 20 L. Ed. 2d at 906).
In Terry, the United States Supreme Court held that when a police officer observes unusual behavior which leads him to conclude, in light of his experience, that criminal activity may be occurring and that the person may be armed and dangerous, the officer is permitted to conduct a pat-down search to determine whether the person is carrying a weapon. 392 U.S. at 30-31, 20 L. Ed. 2d at 911. The purpose of the officer's frisk or pat-down is for the officer's safety; as such, the pat-down "is limited to the person's outer clothing and to the search for weapons that may be used against the officer." Shearin, 170 N.C. App. at 226, 612 S.E.2d at 376. A search conducted in this manner will be considered reasonable "under the Fourth Amendment, and any weapons seized may properly be introduced in evidence against the person from whom they were taken." Terry, 392 U.S. at 31, 20 L. Ed. 2d at 911. "Evidence of contraband, plainly felt during a pat-down or frisk, may also be admissible, provided the officer had probable cause to believe that the item was in fact contraband." Shearin, 170 N.C. App. at 226, 612 S.E.2d at 376 (citing Minnesota v. Dickerson, 508 U.S. 366, 375-77, 124 L. Ed. 2d 334, 346-47 (1993)). Our courts have established that in "determining whether an officer had a 'reasonable suspicion to make an investigatory stop' or had reason to believe that a Defendant was armed and dangerous, trial courts must consider the totality of the circumstances." Id. (quoting State v. Willis, 125 N.C. App. 537, 541, 481 S.E.2d 407, 410 (1997)); see also State v. Watkins, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994).
Defendant contends that Officer Williams unjustifiably frisked him in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. In particular, Defendant argues that because the open container of beer on the floorboard of the vehicle was merely an infraction pursuant to N.C. Gen. Stat. § 20-138.7, Officer Williams did not have a reasonable suspicion that Defendant had been or was engaging in criminal activity. Further, Defendant argues the only factor that could possibly justify a Terry frisk was Officer Williams' testimony that Defendant acted nervous when asked about the open beer container. As such, Defendant argues the trial court erred by denying his motion to suppress the physical evidence seized from him and the statements he made to the officers. We disagree.
Here, when Officer Williams observed an open beer container on the floorboard of the passenger seat of the vehicle, Defendant's behavior immediately changed. Indeed, Officer Williams testified that Defendant became nervous, his eyes got big, he began breathing harder, and he put his hands in his pockets. Further, when Officer Williams instructed Defendant to take his hands out of his pockets and informed Defendant that he was going to pat Defendant down for Officer Williams's safety, Defendant swung at the officer with his elbow and ran away. Officers Williams and Embler subsequently brought Defendant to the ground, and Defendant kept his hands in front of him, in spite of the officers' instructions to put his hands behind his back. When the officers finally placed one cuff on him and pulled it to his back, Defendant informed the officers that he had "dope" in his pocket. When Officer Williams was retrieving the marijuana from Defendant, he also found a crack pipe. The officers then performed a pat-down search of Defendant and brought him to the patrol car.
We conclude that these facts, when viewed in the totality of the circumstances, allowed Officer Williams to form a reasonable suspicion that criminal activity was afoot and that Defendant may be armed and dangerous. See State v. McClendon, 350 N.C. 630, 638, 517 S.E.2d 128, 134 (1999) ("[N]ervousness is an appropriate factor to consider when determining whether a basis for a reasonable suspicion exists."). Accordingly, we hold the trial court did not err by denying Defendant's motion to suppress.
Affirmed.
Judges ELMORE and GEER concur.
Report per Rule 30(e).